IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HERBERT SANCHEZ,

                    Plaintiff,


            vs.                                    Case No. 07-1232-JTM


MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.


MEMORANDUM AND ORDER

Plaintiff Herbert Sanchez has applied for Social Security disability benefits.  His application was denied by the ALJ on April 24, 2007, a decision affirmed by the Appeals Council on July 11, 2007. There are four allegations of error by Sanchez: (a) that the ALJ erred at step 2, (b) that the ALJ improperly discounted the opinion of a treating physician, (c) that substantial evidence does not support the residual functional capacity (RFC) adopted by the ALJ, and (d) the substantial evidence does not support the ALJ's step four conclusion.

Plaintiff-claimant Sanchez was born in 1943, and has stated that he became disabled beginning in April, 2004. He has a master's degree in education, and has previously worked as a teacher of French, Spanish, psychology, and geography. Sanchez has a history of diabetes, vision and hearing loss, and depression.  The detailed facts of the case, which are incorporated herein, are set forth independently in the opinion of the ALJ (Tr. 16-24), and the briefs of Sanchez (Dkt. No. 6, at 2-7), and the Commissioner (Dkt. No. 9, at 2-9). Except where noted herein, those facts are incorporated in the present opinion.

The ALJ concluded that Sanchez's medical conditions did not meet or exceed any listed impairment (Tr. 18-19), and that he retained the RFC to perform medium exertional work, although he must avoid certain hazardous activities due to his loss of vision in his right eye. (Tr. 19-24). Specifically, the found that Sanchez could return to his past work as a teacher, or could find work in other jobs such as counter attendant, food service worker, or printed circuit board assembler. (Tr. 24).

The Commissioner determines whether an applicant is disabled through a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: he must show that he is engaged in substantial gainful activity, that he has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that he cannot return to his former work, the Commissioner has the burden of showing that he can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

"Substantial evidence" means more than a scintilla, but less than a preponderance, and is satisfied by evidence that a reasonable mind might accept to support the conclusion; the question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative

exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992). This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

As noted earlier, Sanchez first argues that the ALJ erred in not finding that he was severely impaired in his left eye as well as his right.  However, the ALJ actually found that Sanchez was severely impaired due to the insulin dependant diabetes mellitus with retinopathy which affected Sanchez's left eye (Tr. 16). The ALJ made specific findings with respect to the visual acuity, visual field, moderate cataract, and absence of macular edema in the left eye. The court finds no error in the ALJ's findings, and further determines any such error would be harmless, since the ALJ ultimately (Tr. 19) based Sanchez's RFC on all of his impairments. *See Glass v. Shalala*, 43 F.3d 1392, 1397 (10th Cir. 1994).

Next, Sanchez contends that the ALJ erred in failing to give controlling weight to the opinion of Dr. Terry Rothstein, an ophthamologist who stated that Sanchez could not perform any type of work given his restrictions.  The court finds no error.  The ALJ acknowledged Dr. Rothstein's opinion (Dkt. No. 22), but gave specific reasons why it should not be controlling, including contradiction by objective medical evidence (indicating that Sanchez has 20/50 visual acuity in the left eye and 85% visual efficiency) and Sanchez's own descriptions of his daily activities (driving, mowing the lawn).

The ALJ's findings specifically noted that they encompassed all the evidence in the record. (Tr. 16). The purely conclusory statements by Dr. Rothstein and Dr. Handshy that Sanchez might face difficulties in employment went beyond the medical opinions which enjoy deference in Social Security proceedings, and the ALJ properly focused on the specific medical evidence in the record. A treating physician's opinion may be accorded less than controlling weight where that opinion is not supported by specific medical evidence. *See White v. Barnhart*, 287 F.3d 903, 907-08 (10th Cir. 2002). The court finds no error in the ALJ's treatment of Dr. Rothstein's opinion.

Sanchez contends that the ALJ erred at step four in rendering an RFC not supported by substantial evidence, and failed to specifically review the exertional requirements of his past work as a teacher. The ALJ made specific findings as to the requirements of teaching work (Tr. 24) and also heard the testimony of a vocational expert on the subject. Rather than delegating the assessment of the requirements of the past work to the vocational expert, as Sanchez suggests, the ALJ found, quite appropriately, that the vocational expert's testimony was persuasive. The ALJ made the requisite findings, and concluded at step four that Sanchez could return to his past work as a teacher. Further, the ALJ also concluded that Sanchez's RFC would allow him to work at other positions in the economy. The court finds no error.

IT IS ACCORDINGLY ORDERED this 13th day of February, 2009, that the present appeal is hereby denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE

5